[Cite as *State v. Brown*, 2015-Ohio-4764.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102549

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JASON BROWN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, VACATED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585114-B

**BEFORE:** Keough, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brian D. Kraft
      John Patrick Colan
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Jason Brown, appeals his convictions and sentence. For the reasons that follow, we affirm Brown's convictions, but vacate his sentence and remand for resentencing.

{¶2} In 2014, Brown and his codefendant, Jovon Fields, were named in a 40-count indictment stemming from six robberies that occurred from December 9, 2013, to January 7, 2014. Brown was charged with seven counts of aggravated robbery with attendant forfeiture and one- and three-year firearm specifications (Counts 1, 2, 10, 15, 22, 27, and 35), twenty-one counts of kidnapping with attendant forfeiture and one- and three-year firearm specifications (Counts 3-7, 11-13, 16-20, 23-24, 29-31, and 36-38), six counts of having weapons while under disability (Counts 9, 14, 21, 26, 33, and 40), three counts of safecracking with attendant forfeiture and one- and three-year firearm specifications (Counts 8, 25, and 32), one count of robbery with attendant forfeiture and one- and three-year firearm specifications (Count 28), and one count of tampering with evidence (Count 39). Brown pleaded not guilty and was appointed counsel.

{¶3} In September 2014, Brown entered into a plea agreement with the state. He agreed to plead guilty to aggravated robbery with specifications as charged in Counts 1, 10, 15, and 22; kidnapping and the forfeiture specifications as amended in Counts 3, 11, 12, 16, 23, 29, 30, and 36; having weapons while under disability as charged in Counts 9, 14, 21, 26, 33, and 40; aggravated robbery with the forfeiture and one-year firearm specifications as amended in Count 27, and aggravated robbery as amended in Count 35.

All other charges were nolled, and Brown agreed to testify against Fields. At the plea, a sentence of 16-27 years was recommended.

**{¶4}** Brown was sentenced to a total of 19 years in prison for the offenses, which included 13 years for firearm specifications. Brown appeals, raising five assignments of error.

## I. Pro Se Motion to Withdraw Guilty Plea

**{¶5}** After pleading guilty but prior to sentencing, Brown, pro se, filed a motion to withdraw his guilty pleas arguing that his defense counsel was ineffective and that Brown was "duped" into pleading guilty. The trial court did not give any consideration to Brown's motion prior to imposing Brown's sentence. In his first assignment of error, Brown contends that the trial court failed to conduct a complete and impartial hearing and otherwise give full and fair consideration to his motion to withdraw his guilty pleas. We disagree. Because Brown was represented by counsel and the motion was filed pro se, the trial court did not have any obligation to consider the motion.

**{¶6}** This court in *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, recently addressed the exact fact situation that is presented in this case. In *Mongo*, the defendant was represented by counsel throughout the proceedings. However, after pleading guilty, Mongo unilaterally filed a pro se motion to withdraw his guilty plea. After he filed the motion, he continued to be represented by his attorneys during sentencing, who addressed the court on his behalf. This court noted that there was no indication in the record that his attorneys were even aware that Mongo filed the

motion to withdraw and when Mongo addressed the court during sentencing, he did not raise the fact that he filed the motion. The court did not address the motion and sentenced Mongo. In finding no error by the trial court, this court held that Mongo's unilateral pro se filing of his motion to withdraw his guilty plea while simultaneously being represented by counsel constitutes "hybrid representation," which is in violation of established law. *Id*. at ¶ 13, citing *State v Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus. *See also State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531; *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611 (when counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion).

**{¶7}** Just like in *Mongo*, Brown was represented by appointed counsel at all times during the proceedings. Brown entered into a plea agreement where he indicated that he was satisfied with the representation received by counsel. However, after the plea hearing, Brown unilaterally moved to withdraw his guilty plea, contending that his attorney was ineffective and had pressured him into pleading guilty. Nevertheless, he allowed his appointed counsel to continue to represent him at sentencing. Furthermore, when Brown personally addressed the court at sentencing, he did not raise the matter of his pro se motion to withdraw his guilty pleas. From our review, it appears that no one other than Brown knew that he filed the pro se motion.

**{¶8}** Therefore, because Brown filed the motion pro se and still allowed his appointed counsel to represent him, the trial court was not in a position to consider the

motion because it would have effectively constituted hybrid representation. *Mongo* at ¶ 17. Accordingly, we find no error by the trial court in failing to address Brown's motion. The first assignment of error is overruled.

## II. Allied Offenses — Aggravated Robbery and Weapons Under Disability

{¶9} In his second assignment of error, Brown contends that the trial court failed to properly merge the having-weapons-while-under-disability charges with the related aggravated robbery offenses. We disagree.

{¶10} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio set forth the test for determining whether offenses merge under R.C. 2941.25 for purposes of sentencing:

> [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

{¶11} First, we note that no objection was raised regarding the merger of these offenses. Therefore, we review this assignment of error for plain error, which pursuant to Crim.R. 52(B), may be corrected if it affects a substantial right and only to prevent a

manifest miscarriage of justice.   Civ.R. 52(B); *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

{¶12} Upon review, we do not find any error, plain or otherwise.   This court has previously addressed the issue of merging weapons under disability offenses in *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723.

> [The] animus of having a weapon under disability is making a conscious choice to possess a weapon.   [The defendant] necessarily acquired the guns sometime prior to committing the other crimes.   The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons.

*Id.* at ¶ 39.

{¶13} In this case, the having weapons while under disability and aggravated robbery offenses are not allied offenses that merge for sentencing.   The facts as presented show that Brown acquired and possessed the firearm prior to committing the six separate robberies.   Using the weapon during the commission of the robberies does not absolve Brown of criminal liability for his illegal possession of the firearm. Therefore, the trial court did not commit plain error in failing to merge these offenses for sentencing.   Brown's second assignment of error is overruled.

### III.   Consecutive Sentences for Firearm Specifications

{¶14} The trial court sentenced Brown to four consecutive three-year terms of incarceration for the three-year firearm specifications attendant to the aggravated robbery convictions as charged in Counts 1, 10, 15, and 22.   The court also sentenced Brown to a one-year term of incarceration to be served consecutively to the one-year firearm

specification attendant to the amended aggravated robbery conviction as charged in Count 27 of the indictment. Therefore, Brown was sentenced to a term of 13 years incarceration on the firearm specifications alone.

{¶15} In his third assignment of error, Brown contends that the trial court erred by imposing consecutive mandatory three-year prison terms for the various firearm specifications in violation of Ohio law. It is unclear if Brown is challenging the imposition of the firearm specification sentence consecutive to the attendant aggravated robbery charge or if he is challenging the imposition of multiple firearm specifications consecutive to each other. Under either challenge, Brown's argument fails.

{¶16} In this case, Brown was convicted of six aggravated robbery charges. Each of these aggravated robbery charges stems from separate instances where, on six separate occasions, Brown entered a store with a gun and used it to commit a robbery. Therefore, these six separate aggravated robberies are not allied offenses because they were committed separately. *See generally Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. Because the aggravated robbery convictions are not allied offenses, the attendant firearm specifications are also not allied. *See* R.C. 2929.14(C)(1)(a) (if a mandatory prison term is imposed upon an offender for having a firearm while committing a felony, the offender shall serve any mandatory prison term imposed consecutively to and prior to any prison term imposed for the underlying felony). Therefore, the court properly ordered the sentences on the firearm specifications to be served consecutively to the underlying aggravated robberies.

**{¶17}** Furthermore, the imposition of consecutive sentences for multiple firearm specifications is authorized by law. R.C. 2929.14(B)(1)(g), provides in relevant part,

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery, * * * and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of [R.C. 2929.14] in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of [R.C. 2929.14] for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶18}** Therefore, R.C. 2929.14(B)(1)(g) mandates a trial court to impose the three-year sentence on the firearm specifications associated with two of the aggravated robbery convictions. The trial court then has discretion to impose a prison term for the remaining specifications.

**{¶19}** In this case, the trial court, as mandated and in an exercise of discretion, imposed consecutive sentences on the firearm specifications attendant to the aggravated robbery charges. We find no error by the trial court. *See State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785; *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876 (trial court commits no error in imposing multiple consecutive sentences on firearm specifications). Furthermore, because the statute requires the imposition of consecutive sentences for firearm specifications under R.C. 2929.14(B)(1)(g), the trial court is not required to make R.C. 2929.14(C)(4) findings before imposing the multiple and consecutive firearm specifications sentence. *State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 7, 10.

**{¶20}** Accordingly, Brown's third assignment of error is overruled.

## IV.   Jail Time Credit

**{¶21}** In his fourth assignment of error, Brown contends that the trial court miscalculated his credit for time served.   At sentencing, the trial court stated that it was crediting Brown 277 days as time served.   Brown argues that the actual credit should be 287 days because he was in jail from January 7, 2014, until sentencing on October 21, 2014.   The state concedes, and we agree that Brown is entitled to 287 days of jail time credit.

**{¶22}** Accordingly, his fourth assignment of error is sustained.

## V.   Consecutive Sentences

**{¶23}** In his fifth assignment of error, Brown contends that the consecutive sentences imposed must be vacated under Ohio law because the trial court failed to make the required statutory findings under R.C. 2929.14(C)(4).

**{¶24}** Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4).   *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22; *State v. Trotter*, 8th Dist. Cuyahoga No. 100617, 2014-Ohio-3588, ¶ 18.   Under the statute, consecutive sentences may be imposed if the trial court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public. In addition to these two factors, the court must find that any one of the following apply:

> (1) the offender committed one of more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶25}** In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus. However, a trial court is not required to give "a talismanic incantation" of the words in the statute to satisfy its obligation. *Id*. at ¶ 37.

**{¶26}** On the day of sentencing, the trial court sentenced both Brown and Fields. Prior to imposing each defendant's individual sentence, the trial court addressed both defendants together and recited the overriding purposes of sentencing found in R.C. 2929.11(A)-(D). After explaining those principles, the trial court then individually addressed each defendant and imposed their respective sentence. The trial court

sentenced Brown to a total prison term of 19 years, which included some consecutive sentences.

{¶27} However, our review of the record does not support a conclusion that the trial court made any of the findings required by R.C. 2929.14(C)(4) when it imposed the consecutive sentences. While the trial court recited the overriding purposes of sentencing found in R.C. 2929.11(A)-(D) when addressing both defendants, these principles cannot be used to satisfy the trial court's separate obligation to make the required findings under R.C. 2929.14(C) to support its conclusion that consecutive sentences were necessary for each individual defendant, including Brown. *See State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 12, citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 17, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999) (compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings related to the purposes and principles of sentencing within R.C. 2929.11 or the recidivism factors within R.C. 2929.12).

{¶28} According to the Ohio Supreme Court, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. "[T]he record must contain a

basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Id.* ¶ 28.

**{¶29}** Reviewing the record before this court, we cannot discern that the trial court engaged in an analysis in imposing consecutive sentences. The factors and statements the state would like us to consider in upholding the imposition of consecutive sentences are not tailored to Brown; rather, they are general statutory statements about the overriding purposes of sentencing. Therefore, the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) when imposing consecutive sentences.

**{¶30}** Accordingly, we vacate Brown's sentence and remand the case for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry in accordance with *Bonnell*. Brown's fifth assignment of error is sustained.

**{¶31}** Convictions affirmed; sentence is vacated, and the case is remanded for resentencing.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR