[Cite as *State v. Harris*, 2016-Ohio-7482.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103803

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISAIAH HARRIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593413-A and CR-15-594917-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 27, 2016

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, OH 44131


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Melissa Riley
Kerry A. Sowul
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Isaiah Harris, brings this appeal challenging the trial court's order of consecutive sentences. For the reasons that follow, we affirm.

{¶2} The Grand Jury indicted Harris in two separate cases. The first case, Cuyahoga C.P. No. CR-15-593413-A, charged Harris with two counts of drug trafficking, two counts of drug possession, and possessing criminal tools, while the second case, Cuyahoga C.P. No. CR-15-594917-A, charged Harris with three counts of trafficking in persons, three counts of compelling prostitution, and five counts of promoting prostitution. Harris entered not guilty pleas in both cases, and proceeded to trial on the drug case. During trial, the state filed a motion under seal with the court. Although not discussed in detail on the record, the motion alleged that Harris was contacting testifying witnesses from jail. Thereafter, in the middle of trial, defense counsel asked the state to reconsider a plea offer. The state agreed and Harris pleaded guilty to all of the charges in both cases in exchange for the state's agreement to recommend a 12-year prison sentence.

{¶3} The court accepted the guilty pleas and merged the compelling prostitution counts into the trafficking counts. The state elected to proceed to sentencing on the trafficking charges whereby the court sentenced Harris to concurrent 15-year prison terms on each count. Further, the court merged three of the five promoting prostitution charges into the trafficking charges because the victims in those counts were the same. The court sentenced Harris to respective 18- and 6-month prison terms on the remaining promoting prostitution charges and ordered that they be served consecutive to the base 15-year prison term on the trafficking charges. In CR-15-593413-A, the court sentenced Harris to separate, but concurrent, 36-month prison terms on Count 1, third-degree drug trafficking, and Count 2, drug possession. The court further ordered Harris to serve concurrent 12-month prison terms on the remaining drug trafficking, drug possession, and possessing criminal tools charges, to be served concurrent with the base 36 months on the higher felony counts. Lastly, the court ran the two cases consecutive for an aggregate 20-year prison term.

{¶4} In his sole assignment of error, Harris argues that the trial court's imposition of consecutive sentences is contrary to law. Specifically, he contends that his sentence is contrary to law because "the trial court's entry does not provide any fact specific rationale why [he] should receive consecutive sentences," that imposition of consecutive sentences was excessive in his case, and that the court might have considered an improper, extrinsic factor when deciding to deviate from the 12 year, recommended sentence by ordering him to serve 20 years in prison.

{¶5} Although R.C. 2953.08(A)(4) gives defendants the right to appeal an order of consecutive sentences, appellate courts have very limited power to review such orders. As delineated in R.C. 2953.08(G)(2)(a), an appellate court cannot review felony sentencing for an abuse of discretion, rather, the court can increase, reduce, or otherwise modify a sentence, or can vacate a sentence and remand to the trial court for resentencing, only if it "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or that (2) "the sentence is otherwise contrary to law." *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22 (explaining that "R.C. 2953.08 specifically and comprehensively defines the parameters and standards — including the standard of review — for felony-sentencing appeals[,]" and that the statute explicitly states that appellate courts do not review for an abuse of discretion.).

**{¶6}** When a court sentences an offender to multiple prison terms, there is a presumption in favor of concurrent sentences. *See* R.C. 2929.41(A) (stating, "[e]xcept as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.") To overcome the presumption and order consecutive sentences, a trial court must make certain findings, outlined in R.C. 2929.14(C)(4), on the record at sentencing and then incorporate those findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23, 29.

**{¶7}** Those findings are: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

Although the trial court is required to make the findings for consecutive sentences, there is no obligation to state on the record its reasons for making the findings. *Bonnell* at ¶ 24, 37.

{¶8} The record reveals that the court made the required findings for imposing consecutive sentences on the record and then incorporated those findings in the sentencing entry. While Harris acknowledges this fact, he nevertheless argues that "merely parroting the language of the statute is insufficient to justify maximum consecutive sentences," and argues that the trial court should have stated its specific fact rationale for ordering consecutive service.[1] As explained above, consecutive sentences may be imposed if the trial court makes the findings under R.C. 2929.14(C)(4) and there is no requirement that trial courts state their reasons for finding that the consecutive sentencing factors were met. *See Bonnell* at ¶ 37. If the findings are made, our review of consecutive sentences is limited to whether the record clearly and convincingly does not support the findings. R.C. 2953.08(G)(2)(a). Harris makes no argument on this point, and our independent review of the record does not lead us to the conclusion that the record does not support the findings.

---

[1] In support of his argument, Harris cites to pre-H.B. 86 case law, including *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, which has since been overruled by the Supreme Court of the United States and legislative enactment. At the time *Foster* was decided in 2006, the legislature required that the court make statutorily mandated consecutive sentencing findings and give its supporting reasons for doing so at the time of sentencing. The court in *Foster* found that the

{¶9} Harris's argument that his 20-year prison sentence was excessive in this case because the minimum sentence adequately reflects the seriousness of the offenses, is simply not something that this court can address. Essentially, Harris is asking this court to find that the trial court abused its discretion by sentencing Harris to a prison term longer than the minimum required term, and to substitute our sentencing decision for that of the trial court's. R.C. 2953.08(G)(2) specifically states that appellate courts are not authorized to review for an abuse of discretion. Therefore, the argument is not well taken.

---

requirement of trial courts to make findings and give reasons for imposing consecutive sentences violated a defendant's Sixth Amendment right to a trial by jury. Accordingly, the court excised the portions of the statute — then R.C. 2929.14(E) — that required that the court make statutory findings and give supporting reasons for imposing consecutive sentences, eliminated the presumption in favor of concurrent sentences found in R.C. 2929.41(A), and held that courts have discretion to impose consecutive sentences. Thereafter, the Supreme Court of the United States issued its decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), which held that the statutory requirement on judges in a jury trial to make findings before imposing consecutive sentences, is constitutional. In reaction to this ruling, the Ohio General Assembly reenacted, under H.B. 86, the requirement that trial courts make statutory findings before imposing consecutive sentences — now contained in R.C. 2929.14(C)(4). However, the reenactment no longer required that the court give its reasons for the findings. *See Bonnell* at ¶ 4.

**{¶10}** Lastly, Harris argues that the record gives the appearance that the court relied on the state's motion about his alleged contact with testifying witnesses when deciding to deviate from a 12-year sentence recommended by defense counsel and the state. We disagree. The court explicitly noted on the record that it was deviating from the 12-year recommended sentence because the court felt that the harm to each victim was so severe that a 12-year sentence did not adequately reflect the seriousness of the offenses.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J. and
ANITA LASTER MAYS, J., CONCUR