[Cite as *State v. Squires*, 2019-Ohio-4676.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                       No. 108071

v.                                      :

JEFFREY SQUIRES,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 14, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628610-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

Jeffrey S. Richardson, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Jeffrey Squires ("Squires") appeals his sentence of three, four-year terms of imprisonment to be served consecutively, resulting from a guilty plea to three counts of sexual battery. We vacate the sentence and remand for resentencing.

## I.  Background and Facts

{¶ 2}  A 12-count indictment was issued for acts occurring from January 1, 2018, to May 5, 2018, for ten counts of rape (R.C. 2907.02(A)(1)(c)), and two counts of gross sexual imposition (R.C. 2907.05(A)(5)).  All charges were based on the sexual assault of Jane Doe ("Doe"), the adult daughter of Squires's girlfriend, who resides with her mother and suffers from Down syndrome.  The events underlying the charges occurred at Doe's residence.  Counts 1 through 6 occurred in the living room, Counts 7 through 9 occurred in Doe's bedroom, and Counts 10 through 12 occurred in the bedroom of Doe's mother.

{¶ 3}  On November 4, 2018, pursuant to a plea agreement, Squires entered guilty pleas to three counts of sexual battery under R.C. 2907.03(A)(2), each a third-degree felony:  Count 1 (living room incident), Count 7 (Doe's bedroom incident) and Count 10 (mother's bedroom incident).  On December 4, 2018, Squires was sentenced to a four-year term on each count, to be served consecutively, for a total of 12 years.

{¶ 4}  The instant appeal ensued.

## II.  Assignment of Error

{¶ 5}  Squires presents a single assigned error alleging that the trial court erred in sentencing Squires to consecutive sentences totaling 12 years for felonies of the third degree on the ground that the trial court failed to make the requisite findings at the hearing and in the sentencing entry under R.C. 2929.14((C)(4)(a), (b), (c) to justify imposition of consecutive sentences. Squires also cites the state's

failure to "distinguish separate acts, as they alleged vaginal penetration between the same time period."  Brief of appellant, p. 4.

{¶ 6}  Our review of felony sentences is guided by R.C. 2953.08(G)(2).

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-22.

> Under R.C. 2953.08(G)(2), an appellate court may vacate the imposition of consecutive sentences where it "clearly and convincingly" finds that (1) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (2) the sentence is "otherwise contrary to law."  R.C. 2953.08(G)(2).  If a trial court fails to make the findings required under R.C. 2929.14(C)(4), the imposition of consecutive sentences is contrary to law.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 66, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 4.

*State v. Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, 73 N.E.3d 1010,

¶ 24.

{¶ 7}  The purposes and principles of felony sentencing are governed by R.C. 2929.11(A). The statute provides:

> that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing:  (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 9.

{¶ 8}  "[T]here is a presumption in favor of concurrent sentences" "when a court sentences an offender to multiple prison terms."  *State v. Harris*, 8th Dist. Cuyahoga No. 103803, 2016-Ohio-7482, ¶ 6, citing R.C. 2929.14(A) that states in

part that "a prison term, jail term, or sentence of imprisonment shall be served concurrent with any other prison term, jail term, or sentence of imprisonment" subject to the stated exceptions. The presumption is overcome where a trial court "make[s] three statutory findings." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252, citing R.C. 2929.14(C) and *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶ 9} In addition,

> R.C. 2929.12 delineates the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

*Martin* at ¶ 10. "[T]he court need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6.

{¶ 10} First, a trial court must find that consecutive sentences are "necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4)." *Beasley* at ¶ 252. Second, a trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public." *Id.*, citing R.C. 2929.14(C)(4). The third requirement is that the trial court make one of the findings set forth in

R.C. 2929.14(C)(4)(a)-(c). *Id.* The findings must be set forth on the record at the sentencing hearing as well as in the sentencing entry. *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. However, a trial court is not required "to give a talismanic incantation of words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶ 11} The findings required by R.C. 2929.14(C)(4)(a-c) are as follows:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} A review of the record demonstrates that, during the plea colloquy, the parties confirmed that there was no merger because the three counts constitute three separate instances. The parties also confirmed that the sentencing range is "one to five years, but it's in six-month increments starting with 12 months. 12 months, 18 months, 24 months, 30 months, 36 months, 42 months, 54 months or 60 months." (Tr. 11.) "That's the definite term." *Id.* A sentence is not contrary to law where it falls within the statutory range for the offense. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 30; *State v. Collier*, 8th Dist. Cuyahoga

No. 95572, 2011-Ohio-2791, ¶ 15 ("the statutory range is established by the General Assembly, and any sentence falling within that range is presumptively valid").

**{¶ 13}** The court advised Squires:

Court: So these sentences could run consecutive. If run consecutive, then the potential sentence is 6 months in prison up to 180 months in prison in six-month increments and/or fines of up to $30,000. Do you understand that?

Squires: Yes.

(Tr. 12.) Squires was also advised of potential costs and fines, ramifications for failure to pay, postrelease control, jail-time credit, consequences for violating community control, and the Adams Walsh Act Tier III sexual classification requirements. Squires confirmed his understanding of each advisement.

**{¶ 14}** Squires confirmed that he had not been promised a particular sentence. Counsel confirmed the trial court's compliance with Crim.R. 11 and the court stated that it was satisfied that Squires's plea "will be made knowingly, intelligently, and voluntarily." (Tr. 18.)

**{¶ 15}** The court inquired:

Mr. Squires, how do you plead to each of the three amended counts, they are amended to felonies of the third degree, all Tier III offenses under the Adam Walsh Act; they are all sexual battery in violation of Revised Code Section 2907.02 in amended [C]ount 1, amended [C]ount 7 and amended [C]ount 10? How do you plead as to the amended [C]ount 1?

Squires: Guilty

(Tr. 18.) The court accepted a guilty plea individually on Counts 7 and 10. The remaining counts were dismissed.

{¶ 16} The potential penalties were reiterated by the trial court at the December 4, 2018 sentencing hearing, including that "[t]hese three offenses could run consecutive." (Tr. 21.) "If run consecutive then the potential sentence then is three years in prison up to 15 years in prison in those six-month increments and/or fines of up to $30,000." *Id.*

{¶ 17} Doe read her written statement for the record.

> Your Honor, my name is [Jane Doe] and I loved [Squires] as a father figure. He betrayed me and my mom. And I didn't know he was coming home early that day and he hurt me when he made me have sex with him and he did hurtful things to me. When I said it hurt me, he didn't care and he kept hurting me.

> And I ask that he get the maximum possible sentence for that. That's what I wrote.

(Tr. 25.)

{¶ 18} Doe's mother also made a statement. She summarized Doe's developmental difficulties caused by her Down syndrome by stating that Doe "has never grasped the concept of her age and being able to give consent on her own." (Tr. 26.) "[Doe] is an adult in age but functions as a child in many ways." *Id.* The mother explained that Doe had difficulty with her parent's divorce several years earlier and that she rarely saw her father because he has been suffering from cancer. The mother met Squires and eventually introduced him to her children. Doe and Squires "became close, like father and daughter." (Tr. 27.)

{¶ 19} The mother then recited the events leading up to Doe's revelation to her maternal uncle that Squires had sexually assaulted her. The uncle called the mother. "He said Doe was upset and needed me and then he told me Doe said

Squires had sex with her, had his mouth on her breasts, had sex in her front and back and put his penis in her mouth." (Tr. 28.) The mother next described the extensive and irreparable physical and emotional harm that Squires acts have visited on their lives and said,

> I'm asking this [c]ourt to punish the defendant for what he's done to [Doe]. I truly believe he's only sorry that he got caught. My daughter deserves justice and we hope he's sentenced to the maximum that you can give him under law. Thank you.

(Tr. 32.)

{¶ 20} Finally, the trial court heard from the investigating detective Stolz of the Strongsville Police Department. The detective shared excerpts of his investigation and his interview with Doe. Doe's doctor told the detective that Doe "has the mental capacity of a 10- or 11-year-old child." (Tr. 33.) The detective tailored his interview "to the ones that I conduct with young children." (Tr. 33-34.) Doe giggled and was embarrassed by the anatomical drawings and referred to breasts as "boobies" and a vagina as a "private area." (Tr. 34.) Doe also said that Squires was being "rude" when he pinned her arms back and raped her. *Id.*

{¶ 21} During the interview, Doe revealed that additional assaults had occurred, though she had difficulty with the concept of time and describing the duration of the assaults. During a controlled call between Squires and Doe's mother, Squires promised it wouldn't happen again. After his arrest, Squires admitted his guilt to a fellow inmate and acknowledged Doe's mental handicap.

{¶ 22} The detective requested imposition of an appropriate sentence:

> The laws and penalties for crimes such as these were created for this very purpose, to protect people like [Doe], children, elderly, handicapped, the most vulnerable in our society.
>
> She lost something she can never get back, your Honor. Her virginity, innocence and purity in her life. Her life will never be the same.

(Tr. 37.)

{¶ 23} Defense counsel presented arguments in favor of sentence mitigation such as Squires's 15 years of military service and said that Squires was remorseful. Squires apologized to the family, asked for forgiveness, and said that he was having relationship problems with the mother and "selfishly let my feelings affect my judgment." (Tr. 42.)

{¶ 24} The trial court proceeded with sentencing:

> All right. As to each of the three felonies of the third degree, the defendant will be sentenced to the Lorain Correctional Institution for 48 months. These will run consecutive to each other. It is necessary to protect the public and punish the offender, it is not disproportionate and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct.

(Tr. 43.) After imposing the remainder of the sentence, the trial court granted appeal rights to Squires.

{¶ 25} The trial court stated on the record that the imposition of consecutive sentences is "necessary to protect the public and punish the offender, it is not disproportionate and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct." (Tr. 43.) R.C. 2929.14(C)(4).

{¶ 26} The sentencing entry provides:

The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 12 year(s). Fel-3: 48 months, fel-3: 48 months, fel-3: 48 months. Counts to run consecutive to each other. It is necessary to protect the public and punish the offender, it is not disproportionate and the harm is so great or unusual that a single term does not adequately reflect the seriousness of defendant's conduct.

Journal entry No. 106557075 (Dec. 5, 2018).

{¶ 27} At the conclusion of the hearing, the trial court admonished Squires stating:

Now, every person in a position of authority/responsibility has an obligation, and you were in a position of authority in this situation. You were fully capable, had all your faculties and you preyed on a girl or a woman that was mentally impaired.

In the movie A Few Good Men there's a line at the end of the movie that says — when they are charged from the — discharged from the Marines Corps for actions unbecoming a Marine — that they failed their responsibility to protect those who couldn't protect themselves.

And that's what you did. She couldn't protect herself. You took advantage of that. You failed to do that. You're a military person. You did that. That was the goal of your life is to protect people who couldn't defend themselves.

 He's remanded.

(Tr. 45.)

{¶ 28} While a "word-for-word recitation of the language of" R.C. 2929.14(C)(4) "is not required," the "reviewing court" must be able to "discern that the trial court engaged in the correct analysis" to "impose consecutive sentences" and that the findings are properly incorporated in the sentencing entry. *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.

**{¶ 29}** We find that the trial court made the first finding under R.C. 2929.14(C)(4) that consecutive sentences are "necessary to protect the public and punish the offender." (Tr. 43.) However, we determine that the remaining findings are incomplete.

**{¶ 30}** The second finding under R.C. 2929.14(C)(4) is that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public." The trial court stated that consecutive sentences are "not disproportionate." (Tr. 43.)

**{¶ 31}** The third finding applicable in the instant case under R.C. 2929.14(C)(4)(b) is that:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

*Id.*

**{¶ 32}** In order to find that two offenses were part of a single course of conduct, a trial court "'must * * * discern some connection, common scheme, or some pattern or psychological thread that ties [the offenses] together.'" (Brackets sic.) *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, syllabus, quoting *State v. Cummings*, 332 N.C. 487, 422 S.E.2d 692 (1992). A course of conduct may be established by factual links such as time, location, weapon, cause of death, or similar motivation. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio- 3641,

952 N.E.2d 1121, ¶ 144, citing *Sapp* at syllabus; *see also State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, 55 N.E.3d 542, ¶ 87; *State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 33.

{¶ 33} The trial court stated that "the harm is so great or unusual that a single term does not adequately reflect the seriousness of the defendant's conduct." (Tr. 43.) However, the court did not address the initial portion of R.C. 2929.14(C)(4)(b) that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct."

{¶ 34} The sentencing journal entry provides that the imposition of consecutive sentences "is necessary to protect the public and punish the offender, it is not disproportionate and the harm is so great or unusual that a single term does not adequately reflect the seriousness of defendant's conduct." Journal entry No. 106557075 (Dec. 5, 2018). "The proper findings must also be properly incorporated in the sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. The entry contains the same deficiencies that we determined occurred during sentencing.

{¶ 35} We find that the four-year sentence for each of the third-degree felonies is within the sentencing range. A sentence is not contrary to law where it falls within the statutory range for the offense. *Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, at ¶ 30. However, the imposition of consecutive sentences is contrary to law under R.C. 2953.08(G)(2) where the appellate court clearly and convincingly finds that "the record does not support the trial court's

findings under R.C. 2929.14(C)(4)." *Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, 73 N.E.3d 1010, at ¶ 24. Thus, we vacate the sentence on that basis.

{¶ 36} In accord with our findings, Squires's sentence is vacated and remanded to the trial court for resentencing. If the trial court determines at the resentencing hearing that consecutive sentences are appropriate under R.C. 2929.14(C)(4), the trial court shall "make the required findings on the record and incorporate those findings in the sentencing journal entry in accordance with *Bonnell.*" *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, ¶ 30.

## III. Conclusion

{¶ 37} The sentence is vacated, and the case is remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
RAYMOND C. HEADEN, J., CONCUR