[Cite as *State v. J.H.S.*, 2015-Ohio-254.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-399 |
| v. | : | (C.P.C. No. 13CR-3403) |
| [J.H.S.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, J.H.S., from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following his entry of a guilty plea to four counts of sexual battery.

{¶ 2} On June 26, 2013, appellant was indicted on four counts of sexual battery, in violation of R.C. 2907.03, and one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31. On January 21, 2014, appellant entered a guilty plea to four counts of sexual battery.

{¶ 3} During the plea proceedings, the prosecutor presented the following factual background. The Hilliard Division of Police received information that appellant "is the

biological father of [the alleged victim R.D.]" (Jan. 21, 2014 Tr. 3.)  R.D. indicated that "she and the defendant had had sexual intercourse numerous times from August through * * * September 25th of 2012.  The acts that she described include vaginal intercourse, fellatio, cunnilingus, and anal intercourse."  (Jan. 21, 2014 Tr. 3-4.)  R.D. related that these events first took place "at an aunt's house in West Virginia, but they continued in Franklin County * * * in Hilliard and also at the Motel 6 at 3950 Parkway Lane."  (Jan. 21, 2014 Tr. 4.)  R.D. stated that appellant "asked her to send naked photos and videos of herself to him, and she did that."  (Jan. 21, 2014 Tr. 4.)

{¶ 4}  A paternity test performed in 2011 "indicated the defendant was the biological father of R.D. to a probability of 99.99 percent."  (Jan. 21, 2014 Tr. 4.)  The relationship began when appellant "found out the paternity results and began writing to [R.D.] while he was incarcerated."  (Jan. 21, 2014 Tr. 4.)  Appellant also sent R.D. letters in which he "expressed his love for his daughter and explicitly described what he wanted to do to her sexually when he was released."  (Jan. 21, 2014 Tr. 4.)  R.D. placed a controlled call, during which appellant "admitted to having sex with her and that it was okay because she's 16 and of the age of consent.  He was very concerned in that call about her cell phone and who has it."  (Jan. 21, 2014 Tr. 5.)

{¶ 5}  The cell phone was recovered and a detective examined it, discovering "numerous text messages, photos, videos.  The text messages expressed their love for each other."  (Jan. 21, 2014 Tr. 5.)  Appellant sent one message "stating, 'I can't wait to make love to you,' and there were some videos that the victim had described sending where she was fondling herself or masturbating.  They found photos of the defendant's erect penis and also of the victim posing."  (Jan. 21, 2014 Tr. 5.)

{¶ 6}  During an interview with law enforcement officials, appellant admitted he gave R.D. the cell phone.  Appellant "claimed that he had spoken to a Franklin County detective who told him that it was legal to have sex with your daughter after she's over the age of 16."  (Jan. 21, 2014 Tr. 5.)  When "asked more specifics * * * about having sex," appellant responded, "I guess so."  (Jan. 21, 2014 Tr. 5.)

{¶ 7}  After accepting appellant's guilty plea, the trial court ordered preparation of a presentence investigation report.  On March 27, 2014, the court conducted a sentencing hearing.  By judgment entry filed April 16, 2014, the court sentenced appellant to 60

months incarceration as to each count, with the sentences to run consecutive, for a total term of imprisonment of 20 years.

{¶ 8} On appeal, appellant sets forth the following three assignments of error for this court's review:

> First Assignment of Error: The trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4) and *State v. Bonnell,* [140 Ohio St.3d 209], 2014-Ohio-3177.
>
> Second Assignment of Error: The trial court erred by imposing a sentence that is contrary to law in that it failed to properly evaluate the proportionality and consistency of the sentence pursuant to R.C. 2929.11.
>
> Third Assignment of Error: Trial counsel provided ineffective assistance of counsel in violation of appellant's rights according to the Sixth Amendment to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

{¶ 9} Under the first assignment of error, appellant asserts the trial court erred in failing to make the requisite findings under R.C. 2929.14(C)(4) at the sentencing hearing. Appellant further argues that the court's judgment entry fails to set forth findings supporting consecutive sentences.

{¶ 10} Following the General Assembly's enactment of Am.Sub.H.B. No. 86, effective September 20, 2011, "a sentencing court is required to make certain factual findings when imposing consecutive sentences." *State v. Moore,* 11th Dist. No. 2104-G-3183, 2014-Ohio-5182, ¶ 19.

{¶ 11} R.C. 2929.14(C) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} Thus, R.C. 2929.14(C)(4) requires a trial court, in order to impose consecutive sentences, to find that: "(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the factors enumerated in R.C. 2929.14(C)(4)(a)-(c) applies." *State v. Smith,* 8th Dist. No. 101105, 2014-Ohio-5547, ¶ 7.

{¶ 13} The Supreme Court of Ohio recently construed R.C. 2929.14(C)(4) to hold that the statute "requires the trial court to make statutory findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 26. In *Bonnell* at ¶ 29-30, the court further elaborated:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal * * * the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

> A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. * * * But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence. *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, * * * ¶ 16 ("a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing").

{¶ 14} Under the facts of *Bonnell,* the court concluded that the trial court's "description of Bonnell's criminal record as atrocious and its notation of his lack of respect for society do not permit us to conclude that the trial court had made the mandated statutory findings in accordance with R.C. 2929.14(C)(4)." *Id.* at ¶ 34.

{¶ 15} In the present case, appellant cites to the following statements by the trial court during the sentencing hearing:

> THE COURT: All right. * * * And you were out on bond before – when the offense was committed. You have a prior pretty bad criminal history. There's no question about that. I think we can all agree on that.
>
> You haven't responded favorably in the past to sanctions imposed for your criminal convictions. You've demonstrated a pattern of drug abuse, drug or alcohol abuse, and refused to acknowledge a pattern. You don't show too much remorse. The remorse is questionable. I mean, you might be sorry in some sense for the situation that you're in; but I'm not so sure that you're sorry for the damage, the mental injury, that you've caused this girl, or you fully – fully realize it.
>
> So, you know, in terms of the seriousness factors, there is significant injury, it sounds like, to the victim in this case. You took complete advantage of your daughter. There's proof that she is your daughter. There's no denying that, 99 percent results here indicating that you are 99.9 percent the father in this matter. She suffered serious physical or psychological mental harm as a result of your manipulation. It was a relationship with a family member, and there is a clear need for severe punishment for your actions and to protect the community.

> So all those issues, all those factors, have been clearly met in this case; and I'm not hearing any real rebuttal or response on your behalf as to why I shouldn't impose the maximum sentence and run it consecutive.
>
> So with that being the case, the court will impose the following sentence: For Counts 1, 2, 3, and 4 – they're all the same counts here. They're all sexual battery, felonies of the third degree, which have a five-year prison sentence – the court will impose five years for Counts 1, 2, 3, and 4 to run consecutive for a total of 20 years.

(Mar. 27, 2014 Tr. 21-22.)

{¶ 16} Appellant maintains that the above findings by the trial court fail to satisfy the requirements of R.C. 2929.14(C). In response, the state acknowledges that the trial court failed to make a specific finding that imposing consecutive sentences would not be "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The state also acknowledges that the trial court did not state its findings in the judgment entry. The state argues, however, that this court should find that the trial court's statements at the sentencing hearing, indicating in general that it was making findings under R.C. 2929.14(C)(4), should be sufficient to satisfy the statutory requirements to impose consecutive sentences. We disagree.

{¶ 17} This court has consistently held that "when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, 'appellant's sentence is contrary to law and constitutes plain error.' " *State v. Ayers,* 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 15, quoting *State v. Wilson,* 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18. *See also State v. Jones,* 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 18, citing *State v. Boynton,* 10th Dist. No. 12AP-975, 2013-Ohio-3794 (because the trial court failed to make the R.C. 2929.14(C)(4) findings on the record, appellant's sentence is contrary to law and constitutes plain error).

{¶ 18} Upon review, we conclude that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Accordingly, remand is necessary for the trial court "to consider whether consecutive sentences are appropriate, pursuant to R.C. 2929.14(C)(4), and, if so, to make the proper findings on the record at the sentencing

hearing and incorporate those findings into its sentencing entry."  *Jones* at ¶ 18, citing *Bonnell.*

{¶ 19} Based upon the foregoing, appellant's first assignment of error is sustained.

{¶ 20} Under the second assignment of error, appellant contends the trial court imposed a sentence contrary to law in that it failed to evaluate the proportionality and consistency of the sentence under R.C. 2929.11.  Appellant argues that the trial court focused primarily upon the fact the victim was appellant's daughter and that such focus distracted it from the analysis required by R.C. 2929.11.

{¶ 21} In sentencing a felony offender, a trial court "must consider R.C. 2929.11, which sets forth the overriding purposes of felony sentencing.  In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *State v. Hurley,* 3d Dist. No. 6-13-02, 2014-Ohio-2716, ¶ 69, citing R.C. 2929.11(A).  R.C. 2929.11(B) also "requires that felony sentences not demean 'the seriousness of the offender's conduct and its impact upon the victim' and be consistent with sentences imposed in similar cases." *Id.*, citing *State v. Snyder*, 3d Dist. No. 13-12-38, 2013-Ohio-2046, ¶ 24.  It has been noted, "[f]or purposes of R.C. 2929.11(B), 'consistency' relates to the sentences in the context of sentences given to other offenders; 'proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime)." *State v. Moore,* 8th Dist. No. 99788, 2014-Ohio-5135, ¶ 17.  In determining a sentence, a trial court is also required to consider seriousness and recidivism factors as set forth under R.C. 2929.12.

{¶ 22} As noted, appellant contends the trial court was so preoccupied with the relationship between appellant and the victim that it failed to engage in the proper analysis required by R.C. 2929.11.  Upon review of the record, including the sentencing hearing transcript, we disagree.  While the trial court noted the fact that the victim was appellant's daughter, the court additionally cited on the record appellant's "bad criminal history," and that he was under supervision at the time of the offense.  (Mar. 27, 2014 Tr. 21.)  Further, the court observed that appellant had not "responded favorably in the past to sanctions imposed" and that he had "demonstrated a pattern of drug abuse, drug or

alcohol abuse, and refused to acknowledge a pattern." (Mar. 27, 2014 Tr. 21.) The court also discussed the "seriousness factors," expressing a "clear need for severe punishment for your actions." (Mar. 27, 2014 Tr. 21-22.) Finally, in its judgment entry, the trial court expressly stated it had "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." Here, a review of the judgment entry and the sentencing hearing fails to support appellant's contention that the trial court erred in failing to consider the appropriate sentencing factors under R.C. 2929.11.

{¶ 23} Appellant's second assignment of error is not well-taken and is overruled.

{¶ 24} Under the third assignment of error, appellant contends his trial counsel was ineffective by failing to offer any objection or mitigation in response to the state's request for the maximum sentence. According to appellant, counsel failed to point out mitigating factors such as the fact he entered a plea bargain and that he had accepted responsibility for his actions.

{¶ 25} Under Ohio law, in order to prevail on a claim of ineffective assistance of counsel, a defendant is required to "show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Smith*, 89 Ohio St.3d 323, 327 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish prejudice, the defendant is required to prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 26} Appellant contends that trial counsel, by failing to point out that a 20-year sentence did not achieve the overriding purpose of felony sentencing under R.C. 2929.11, in effect precluded the trial court from evaluating the purposes and principles of sentencing. We have previously noted, however, in addressing the second assignment of error, that the court properly considered the factors under R.C. 2929.11. Further, the record indicates that defense counsel offered mitigating evidence. During the sentencing hearing, defense counsel noted that appellant was abused sexually as a child and that he had been "incarcerated most of his life." (Mar. 27, 2014 Tr. 4.) In response to an inquiry by the trial court as to the age of the victim, counsel responded: "This is not a rape * * * she was at the age of consent." (Mar. 27, 2014 Tr. 4.) While noting this was "certainly not

a correct relationship," counsel emphasized that the relationship "was a consensual" one. (Mar. 27, 2014 Tr. 5.) Counsel further argued that appellant "didn't know her as a daughter in the sense of * * * bringing her up." (Mar. 27, 2014 Tr. 5.) Counsel also clarified, in response to an inquiry by the court, that appellant did not have a prior rape conviction. Finally, counsel noted that appellant had "pled basically to the indictment" and requested the court to "take all these matters into consideration." (Mar. 27, 2014 Tr. 6.)

{¶ 27} Moreover, even assuming he could demonstrate that trial counsel's performance was somehow deficient, appellant has not shown resulting prejudice. During the sentencing hearing, the trial court indicated it had read the presentence investigation report, which indicated a lengthy criminal history. Further, prior to the state's request that the court enter the maximum sentence, the court stated to appellant: "[T]here's no question you're going to do a long time; you're going to do some time here for prison. But * * * assuming you're able to survive it for another two decades or so, you'll be released." (Mar. 27, 2014 Tr. 13.) In addition to noting the significant physical and psychological harm to R.D., the trial court cited appellant's criminal history, his failure to respond favorably to past sanctions, a refusal to acknowledge a pattern of drug or alcohol abuse, and lack of remorse. The record also indicates that appellant was on post-release control at the time of the offenses. Upon review, appellant has failed to show a reasonable probability that the trial court would have pronounced a different sentence in the absence of counsel's alleged failures.

{¶ 28} Appellant's third assignment of error is not well-taken and is overruled.

{¶ 29} Accordingly, appellant's first assignment of error is sustained, and his second and third assignments of error are overruled. Based upon the foregoing, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for resentencing.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____