[Cite as *State v. Briggs*, 2022-Ohio-1950.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-144 (C.P.C. No. 17CR-6236) |
| v. | : | No. 21AP-274 (C.P.C. No. 17CR-1732) |
| Antoine T. Briggs, | : | No. 21AP-275 (C.P.C. No. 17CR-3824) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on June 9, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee. **Argued:** *Darren M. Burgess*.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Antoine T. Briggs, appeals from the November 16, 2020 amended judgment entries entered in the Franklin County Court of Common Pleas following an October 22, 2020 resentencing hearing. Appellant was resentenced as a result of our September 30, 2020 judgment[1] reversing the sentences imposed following his guilty pleas to aggravated vehicular homicide, possession of cocaine, and burglary. *State v Briggs*, 10th Dist. No. 18AP-679, 2020-Ohio-4652. Because on remand the trial court failed to make the required statutory findings before

---

[1] Our decision was rendered September 29, 2020; judgment was rendered September 30, 2020.

imposing consecutive sentences, we reverse and remand the matter to the trial court for a new sentencing hearing.

{¶ 2}   At a plea hearing held on July 2, 2018, appellant entered guilty pleas to aggravated vehicular homicide in Franklin C.P. No. 17CR-1732 ("17CR-1732"), possession of cocaine in Franklin C.P. No. 17CR-3824 ("17CR-3824"), and burglary in Franklin C.P. No. 17CR-6236 ("17CR-6236"). The prosecutor recited the following pertinent facts in each case as follows.

{¶ 3}   In 17CR-1732, on February 19, 2017, appellant exited I-70 eastbound onto the Alum Creek ramp, failed to negotiate a curve, drove through a grassy area, and struck a vehicle traveling onto I-70 eastbound from the Alum Creek ramp. The victim sustained fatal injuries in the accident. At the time of the accident, appellant's blood-alcohol level was .209 and his driver's license had been suspended. In 17CR-3824, on September 15, 2016, Columbus police officers responding to a location on Barnett Road were advised that appellant was on the premises and that there was a possible warrant for his arrest. During a search incident to arrest, the officers discovered in appellant's pants pocket a folded one-dollar bill containing .179 grams of crack cocaine. In 17CR-6236, on June 23, 2016, a homeowner on Millbridge Drive reported to the Columbus police that several items had been stolen from her home. During a subsequent police investigation, fingerprints matching those of appellant were found inside the home.

{¶ 4}   On August 30, 2018, the trial court held a combined sentencing hearing on the three cases.[2] The court imposed maximum sentences of 11 years in 17CR-1732, 12 months in 17CR-3824, and 36 months in 17CR-6236 and ordered the sentences to be served consecutively for an aggregate prison term of 15 years. The court memorialized appellant's convictions and sentences in three judgment entries filed August 30, 2018.

{¶ 5}   Appellant appealed all three judgments,[3] assigning three errors: (1) the trial court plainly erred by imposing consecutive sentences in contravention of R.C.

---

[2] The August 30, 2018 proceeding also included a community control revocation hearing in Franklin C.P. No. 16CR-5268. Appellant stipulated there was probable cause for revocation of his probation. The trial court imposed the original 11-month sentence; with jail-time credit of 330 days, appellant was sentenced to time served.

[3] This court consolidated the appeals docketed as case Nos. 18AP-679, 18AP-680, and 18AP-681 for purposes of record filing, briefing, oral argument, and determination.

2929.14(C)(4), R.C. 2929.41(A), and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177; (2) the trial court erred in ordering appellant to be removed from the courtroom during the sentencing hearing; and (3) the trial court erred by not personally informing appellant of post-release control. Concluding that the trial court erred in removing appellant from the courtroom prior to the completion of sentencing, this court sustained appellant's second assignment of error. *Briggs*, 10th Dist. No. 18AP-679, 2020-Ohio-4652, at ¶ 7-10. We further concluded that our disposition of the second assignment of error required a remand to the trial court for a new sentencing hearing and rendered moot the remaining assignments of error addressing other potential irregularities in the sentencing hearing. *Id.* at ¶ 10.

{¶ 6} In accordance with our decision, the trial court held a new sentencing hearing on October 22, 2020. The court again imposed maximum sentences of 11 years in 17CR-1732, 12 months in 17CR-3824, and 36 months in 17CR-6236, and ordered the sentences to be served consecutively for a total prison term of 15 years. The court memorialized appellant's convictions and sentences in three amended judgment entries filed November 16, 2020.

{¶ 7} Appellant appeals all three judgments,[4] assigning one error for review:

> The trial court committed plain error by finding appellant's offenses constituted an ongoing course of conduct and imposing consecutive sentences without engaging in the correct analysis required by R.C. 2929.14(C)(4) and R.C. 2929.41(A), and mandated by the Ohio Supreme Court in *State v. Bonnell.*

{¶ 8} In his single assignment of error, appellant contends the trial court committed plain error by finding that his offenses constituted an ongoing course of conduct and by imposing consecutive sentences without making the findings required by R.C. 2929.19(C)(4). We agree.

---

[4] Appellant, pro se, filed a motion for leave to file a delayed appeal in 17CR-6236. This court granted that motion. *State v. Briggs*, 10th Dist. No. 21AP-144 (May 21, 2021) (memorandum decision). Thereafter, appellant's appointed counsel filed motions seeking leave to file delayed appeals in 17CR-1732 and 17CR-3824, docketed as 21AP-274 and 21AP-275, respectively. This court granted those motions in journal entries filed June 8, 2021. On June 9, 2021, this court granted appellant's motion to consolidate the three appeals for purposes of briefing, oral argument, and determination.

**{¶ 9}** An appellate court will not reverse a sentencing court's decision unless the evidence is clear and convincing that either the record does not support the sentence or the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Robinson*, 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 7, citing *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶ 10}** "Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). However, a trial court in its discretion may impose consecutive sentences for multiple prison terms under R.C. 2929.14(C)(4). *Id.* To do so, the trial court must make three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one or more of the following subsections applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 11} A trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate those findings into the sentencing entry. *State v. Beasley,* 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 253, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 37.  However, a trial court need not state reasons to support its findings, nor is the trial court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.  "[A] word-for-word recitation of the language is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 12} At the outset, we note that appellant did not object to the imposition of consecutive sentences at the sentencing hearing; thus, he has forfeited all but plain error. *State v. Jackson*, 10th Dist. No. 14AP-748, 2015-Ohio-5114, ¶ 30, citing *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 7.  Under Crim.R. 52(B), " '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'  'To constitute plain error, the error must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection.' " *State v. Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 11, quoting *State v. Gullick*, 10th Dist. No. 13AP-26, 2013-Ohio-3342, ¶ 3, citing *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).

{¶ 13} Plaintiff-appellee, State of Ohio, contends that "in order to establish plain error, [appellant] must show that the outcome would have been different in the absence of the error—even if it is assumed that the record does not support a conclusion that the trial court engaged in the correct analysis." (Appellee's Brief at 5-6.)  Appellee has advanced this outcome-determinative argument in previous cases before this court; however, we have consistently rejected it, concluding that "when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, '[the] sentence is contrary to law and constitutes plain

error.' " *Ayers* at ¶ 15, quoting *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18. *See also State v. Cardwell*, 10th Dist. No. 15AP-1076, 2016-Ohio-5591, ¶ 10 ("this court's prior decisions establish that a trial court's failure to make findings under R.C. 2929.14(C)(4) constitutes plain error").

{¶ 14} At the sentencing hearing, the trial court engaged in a lengthy analysis of the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. After doing so, the court stated:

> Let me first make findings as to all of the offenses. The Court will find that these are the most serious forms of each of these offenses. In 1732, we have someone who was killed. In case number 6236, which I think relates to the burglary, we have * * *someone whose physical property was breached and beyond that breach, there was also the threat that that person was being watched based on that particular offense. As relates to the offense of possession of cocaine, Mr. Briggs attempted to conceal the product in his pocket. * * * So the Court is going to find that these are the most serious forms of each offense and that based on Mr. Briggs' history, it is likely that he will commit crimes in the future.

(Oct. 22, 2020 Tr. at 23-24.)

{¶ 15} The court then found that appellant was not amenable to community control sanctions and that prison terms were appropriate in all three cases. The court imposed maximum sentences for each of the three offenses and ordered the sentences to be served consecutively. The court made the following findings in support of the consecutive sentences:

> [P]ursuant to Revised Code section 2929.14 subsection (C)(4) * * * these offenses constitute an ongoing course of conduct, because the Court believes that no single sentence could satisfy that course of conduct, the danger that conduct poses to the community, and in order to ensure the safety of the community those sentences will run consecutive with each other for a total of 15 years of incarceration with the Ohio Department of Rehabilitation and Correction.
>
> In *State versus Bonnell,* * * * decided in 2014 and cited as 140 Ohio State 3rd 209[,] [t]he syllabus of the Court states that, in order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by 2929.14 subsection (C)(4), and to incorporate its findings into its

> sentencing entry, but it has no obligation to state reasons to support its findings. The Court has done so. The Court will also provide what is commonly referred to, I presume, as the boilerplate language associated with 2929 subsection (C)(4). That information will also be included in the judgment entry.

*Id.* at 25-26.

**{¶ 16}** In each of the three amended judgment entries, the trial court included the following language incorporating the required statutory findings made at the sentencing hearing:

> The Court made findings on the record, pursuant to R.C. 2929.14(C)(4), to support consecutive sentences. Considering the facts of this case, the purposes and principals [sic] of sentencing, and the requirements set forth in R.C. 2929.14(C)(4), the Court finds that a consecutive sentence is both necessary and appropriate. The Court further finds that (a) a consecutive sentence is necessary to punish Defendant, given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of Defendant's conduct and to the danger the offender poses to the public; (c) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and (d) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Nov. 16, 2020 Am. Jgmt. Entries at 2.)

**{¶ 17}** Appellant contends that the trial court failed to make a finding on the record at the sentencing hearing that consecutive sentences are not disproportionate to the seriousness of the offender's conduct as required under R.C. 2929.14(C)(4). Appellant acknowledges the trial court's explicit proportionality finding in the amended judgment entries; however, appellant notes *Bonnell's* mandate that a trial court must make the R.C. 2929.14(C)(4) findings both at the sentencing hearing and in the sentencing entry.

**{¶ 18}** At the sentencing hearing, instead of specifically referencing proportionality, the trial court found "these offenses constitute an ongoing course of conduct, because the

Court believes that no single sentence could satisfy that course of conduct, the danger that conduct poses to the community, and in order to ensure the safety of the community, those sentences will run consecutive to each other." (Oct. 22, 2020 Tr. at 25.) Appellee notes that in *State v. Dixon*, 10th Dist. No. 17AP-884, 2018-Ohio-3759, this court concluded that such language constituted a proportionality finding under R.C. 2929.14(C)(4). In *Dixon*, we stated: "[c]ourts have held that even though the trial court employed the language of R.C. 2929.14(C)(4)(b), rather than the specific language of R.C. 2929.14(C)(4), the statement [that no single sentence can satisfy that course of conduct, the danger that conduct poses to the community] equated to a proportionality/danger to the public finding." *Id.* at ¶ 10.

{¶ 19} Appellant argues that in the instant case, the trial court's "course of conduct" finding cannot save its deficient proportionality analysis because the appellant's actions "were not part of any ongoing course of conduct." (Appellant's Brief at 17.) Appellant notes that in *Dixon*, the trial court imposed consecutive sentences in one case involving two offenses that were part of one incident of domestic violence. *Id.* at ¶ 2-3. Here, however, the consecutive sentencing involved three separate, unrelated offenses occurring several months apart (burglary in June 2016), (drug possession in September 2016), and (aggravated vehicular homicide in February 2017).

{¶ 20} In support of his argument, appellant cites *State v. Bland*, 10th Dist. No. 19AP-826, 2020-Ohio-4662. There, the trial court imposed consecutive sentences in two cases after making findings at the sentencing hearing that are nearly identical to those made in the present case. In the first case (case No. 19CR-505) the trial court found, "[b]ecause Counts One and Three constitute an ongoing course of conduct, because the Court believes that no single sentence can satisfy that course of conduct, the danger that conduct poses to the community, in order to ensure the safety of the community, those sentences will run consecutive to each other." *Id.* at ¶ 19. In the second case (case No. 19CR-5137), the trial court found, "[b]ecause the offenses in case numbers 505 and 5137 constitute an ongoing course of conduct, because the Court believes that no single sentence can satisfy that course of conduct, the danger that conduct poses to the community, in order to ensure the safety of the community and not demean the seriousness of these offenses, those sentences will run consecutive with each other." *Id.*

{¶ 21} Bland argued that the trial court failed to make the proportionality finding required under R.C. 2929.19(C)(4). We noted that "[t]his court has acknowledged there is a 'high degree of overlap' between a proportionality finding under the statute and a finding under R.C. 2929.14(C)(4)(b) regarding the seriousness and severity of harm caused by an offender's conduct." *Bland* at ¶ 20, citing *State v. Fields*, 10th Dist. No. 16AP-417, 2017-Ohio-661, ¶ 20. Relying on our decision in *State v. Richards*, 10th Dist. No. 19AP-259, 2019-Ohio-5325, where we held (following a survey of our recent proportionality decisions) that "[a] trial court's statement at the sentencing hearing that 'the two offenses constitute separate and distinguishable harms and that no single prison sentence for any term would adequately punish the offender or protect the public from future harm' is akin to a finding under R.C. 2929.14(C)(4)(b), and, as such, constitutes a factual finding on which this court can conclude that the sentencing court found that consecutive service is not disproportionate to the seriousness of [a defendant's] conduct," we found that the trial court's findings regarding Bland's conduct were "consistent with the findings that were held to be sufficient under the statute in *Richards* and the cases discussed therein." *Id.* at ¶ 20. Accordingly, "[c]onsistent with our recent precedents," we "[could not] conclude the trial court plainly erred by failing to make the required finding regarding the proportionality of imposing consecutive sentences at the sentencing hearing." *Id.* at ¶ 21.

{¶ 22} We then addressed Bland's argument that the trial court failed to find that one of the factors set forth in R.C. 2929.14(C)(4)(a) through (c) applied. We noted the trial court's statements at the sentencing hearing indicating that it found the R.C. 2929.14(C)(4)(b) factor to be present, in that it found the grand theft of a motor vehicle and theft offenses in case No. 19CR-505 were part of an ongoing course of conduct, and those offenses were part of an ongoing course of conduct with the perjury offense in case No. 19CR-5137. *Id.* at ¶ 23.

{¶ 23} In examining the statutory phrase "course of conduct" as set forth in R.C. 2929.14(C)(4)(b), we noted that the Supreme Court of Ohio has held, in the context of criteria authorizing imposition of the death penalty, that the phrase " 'requires that the state establish some factual link between' the offenses that alleged to comprise a course of conduct." *Id.*, quoting *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, syllabus. We further noted that "[u]nder that statute, '[i]n order to find that two offenses constitute a

single course of conduct * * *, the trier of fact "must * * * discern some connection, common scheme or pattern or psychological threat that ties [the offenses] together." ' " *Id.*, quoting *Sapp,* quoting *State v. Cummings,* 332 N.C. 487, 510 (1992). We also noted that "[o]ther Ohio appellate courts have applied this reasoning in the context of analyzing a sentencing court's 'course of conduct' finding under R.C. 2929.14(C)(4)(b)." *Id.*, citing *State v. Russell,* 11th Dist. No. 2019-L-138, 2020-Ohio-3243, ¶ 124; *State v. Squires*, 8th Dist. No. 108071, 2019-Ohio-4676, ¶ 32; *State v. Lambert*, 2d Dist. No. 2018-CA-28, 2019-Ohio-3837, ¶ 33.

{¶ 24} Finding this reasoning to be persuasive, we found that the offenses of grand theft of a motor vehicle and theft in 19CR-505 were part of a single course of conduct, as the grand theft offense was based on a January 2019 incident in which Bland stole an individual's car and the theft offense arose from Bland's possession of the car owner's debit card and driver's license, which were taken from the car when he was apprehended by police after abandoning the stolen car. *Id.* at ¶ 24. "Because there was a factual and temporal connection between the two offenses, the record supports the trial court's finding that they formed a single course of conduct and the court's imposition of consecutive sentences for those offenses in * * * 19CR-505." *Id.*

{¶ 25} However, we determined that the record failed to establish that the offenses in 19CR-505 and the offense in 19CR-5137 were part of an ongoing course of conduct. *Id.* at ¶ 25. We noted that the perjury offense in 19CR-5127 occurred in September 2018 when Bland made a false confession at his son's criminal trial, which was several months prior to the vehicle theft. *Id.* We concluded:

> The offenses in the two cases differed in nature and in the facts surrounding their commission. The prosecutor's statement of facts at the plea hearing failed to establish any link between the offenses in * * * 19CR-505 and the perjury offense in 19CR-5137. Nor can we discern from our review of the record any connection, common scheme, or pattern linking the perjury offense with the offenses in * * * 19CR-505. Therefore, under these circumstances, we find the record clearly and convincingly fails to support the trial court's finding that the offenses in * * * 19CR-505 and the offense in * * * 19CR-5137 were part of one course of conduct, such that it was appropriate to impose the sentence in * * * 19CR-5137 consecutively to the sentences in * * * 19CR-505. Accordingly, the trial court plainly erred by imposing a consecutive sentence in * * * 19CR-5137

based on a finding that the perjury offense was part of a single course of conduct with the offenses in * * * 19CR-505.

*Id.*

{¶ 26} In response to appellant's citation to *Bland,* appellee contends "[t]here is no requirement that the charged offenses be related to one another in any way in order to impose consecutive sentences. Rather, under the plain language of R.C. 2929.14(C)(4)(b), each offense is in and of itself a 'course of conduct.' As a result, by committing multiple offenses, an offender engages in multiple courses of conduct, no matter how disconnected from each offense the other offenses may be. In the context of the statements made by the trial court in both the original sentencing hearing and the resentencing hearing in this case, the trial court's use of the phrase 'course of conduct' could easily be seen as referring to defendant's multiple offenses, i.e.[,] his multiple courses of conduct between June 23, 2016 and February 19, 2017. Thus, the record shows that defendant engaged in at least three courses of conduct, which easily satisfies the statutory requirement that he be found to have engaged in 'one or more' courses of conduct.' " (Appellee's Brief at 14.) Based upon this definition of "course of conduct," appellee argues that the portion of the *Bland* decision addressing the "course of conduct" was "wrongly decided and runs contrary to the plain language of R.C. 2929.14(C)(4)(b)." *Id*. at 15.

{¶ 27} Appellee cites no authority in support of its proposed definition of "course of conduct." Further, the proposed definition contradicts that set forth by the Supreme Court of Ohio in *Sapp* and employed by this and other appellate courts.

{¶ 28} Appellee further asserts that "even if R.C. 2929.14(C)(4) requires a common thread between all of the offenses for which defendant was sentenced, there is a common theme tying all of defendant's criminal conduct together in these cases: substance abuse." *Id*. at 16. Appellee's contention is unpersuasive; although the "cause" of appellant's unrelated conduct might be the same, that "cause" does not make the "conduct" related.

{¶ 29} Here, as in *Bland,* there was no factual or temporal connection between the three offenses. Further, we cannot discern from our review of the record any connection, common scheme, or pattern linking the offenses. Because the record fails to establish that the offenses in case Nos. 17CR-1732, 17CR-3824, and 17CR-6236 were part of an ongoing course of conduct, we cannot conclude that the trial court's finding that "these offenses constitute an ongoing course of conduct, because the Court believes that no single sentence

could satisfy that course of conduct, the danger that conduct poses to the community and in order to ensure the safety of the community" constituted the finding required by R.C. 2929.14(C)(4) that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct." Therefore, because the record reflects that the " 'trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, "appellant's sentence is contrary to law and constitutes plain error." ' " *State v. J.H.S.*, 10th Dist. No. 14AP-399, 2015-Ohio-254, ¶ 17, quoting *Ayers* at ¶ 15, quoting *Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, at ¶ 18. Accordingly, we sustain appellant's single assignment of error and remand this matter to the trial court for it " 'to consider whether consecutive sentences are appropriate, pursuant to R.C. 2929.14(C)(4), and, if so, to make the proper findings on the record at the sentencing hearing and incorporate those findings into its sentencing entry.' " *J.H.S.* at ¶ 18, quoting *Jones*, 10th Dist. No. 14AP-80, 2014-Ohio-3740, ¶ 18, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 30} Having sustained appellant's single assignment of error, we reverse appellant's sentences and remand to the Franklin County Court of Common Pleas for a new sentencing hearing in accordance with law and consistent with this decision.

*Judgments reversed; cause remanded.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____