[Cite as *State v. Briggs*, 2023-Ohio-4674.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-484<br>(C.P.C. No. 17CR-6236) |
| v. | : | |
| | | No. 22AP-485 |
| Antoine T. Briggs, | : | (C.P.C. No. 17CR-1732) |
| Defendant-Appellant. | : | No. 22AP-486<br>(C.P.C. No. 17CR-3824) |
| | : | |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on December 21, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren Burgess*, for appellee. **Argued:** *Paula M. Sawyers*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Antoine T. Briggs, appeals the judgments of the Franklin County Court of Common Pleas following his second combined resentencing in these three criminal cases. This court has reversed his sentence in these cases on two prior occasions: first, because the sentencing judge improperly removed the defendant from his sentencing hearing without warning before imposing sentence, *State v. Briggs*, 10th Dist. No. 18AP-679, 2020-Ohio-4652 (hereinafter "*Briggs I*"), and second, because the trial court committed plain error by concluding that the defendant's three unrelated cases were part of an ongoing course of conduct requiring maximum and consecutive sentences. *State v. Briggs*, 10th Dist. No. 21AP-144, 2022-Ohio-1950 (hereinafter "*Briggs II*"). All three

times, the trial court has imposed the same three maximum sentences to be run consecutively, for an aggregate term of 15 years incarceration.

{¶ 2}    We have previously recounted the facts underlying these appeals:

> At a plea hearing held on July 2, 2018, appellant entered guilty pleas to aggravated vehicular homicide in Franklin C.P. No. 17CR-1732 ("17CR-1732"), possession of cocaine in Franklin C.P. No. 17CR-3824 ("17CR-3824"), and burglary in Franklin C.P. No. 17CR-6236 ("17CR-6236"). The prosecutor recited the following pertinent facts in each case as follows.

> In 17CR-1732, on February 19, 2017, appellant exited I-70 eastbound onto the Alum Creek ramp, failed to negotiate a curve, drove through a grassy area, and struck a vehicle traveling onto I-70 eastbound from the Alum Creek ramp. The victim sustained fatal injuries in the accident. At the time of the accident, appellant's blood-alcohol level was .209 and his driver's license had been suspended. In 17CR-3824, on September 15, 2016, Columbus police officers responding to a location on Barnett Road were advised that appellant was on the premises and that there was a possible warrant for his arrest. During a search incident to arrest, the officers discovered in appellant's pants pocket a folded one-dollar bill containing .179 grams of crack cocaine. In 17CR-6236, on June 23, 2016, a homeowner on Millbridge Drive reported to the Columbus police that several items had been stolen from her home. During a subsequent police investigation, fingerprints matching those of appellant were found inside the home.

*Briggs II*, ¶ 2-3.  As indicated above, we have twice reversed Briggs' sentence.  On July 7, 2022, the trial court held a third sentencing hearing. At that hearing, the state argued that consecutive sentence terms were permissible pursuant to R.C. 2929.14(C)(4) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, as well as this court's remand, *compare with Briggs II* at ¶ 29, and requested the court impose maximum and consecutive sentences. (July 7, 2022 Tr. at 10-11.)  Briggs' counsel presented arguments in mitigation, *id*. at 6-8, and the trial court engaged in a detailed analysis of the R.C. 2929.12 seriousness and recidivism factors, *id*. at 14-24, found that each of the offenses were the "worst form of the offense," *id*. at 26, that Briggs had a long criminal history and that "based on Mr. Briggs' history, [that] it is likely that he will commit crimes in the future," *id*., that Briggs had shown no genuine remorse, *id*. at 21-22, and that it could not and would not consider his

participation in programming and substance abuse cessation in prison because "that is required under [the judicial release statute] and not the sentencing guidelines which are the subject of the Tenth Appellate District's decision," *id*. at 21. The court imposed maximum sentences for each offense, and went on to order that each of those sentences be served consecutively:

> Pursuant to *State versus Bonnell*, cited at *140 Ohio St. 3d 209*, also *2014-Ohio-3177*, at Paragraph 22 of that decision. In reference to Revised Code 2929.14 subsection (C)(4), the Court will find that consecutive sentences, "consecutive service," that is the language of the Bonnell decision at Paragraph 22. Consecutive service is necessary to protect the public from future crime or to punish the offender. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. And the Court will also find that subsection (C) at Paragraph 22 of the Bonnell decision is appropriate. The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The Court has listed in its sentencing the record of criminal convictions that exists since the age of 18. So the Court will find consistent with the requirements of Bonnell that the - - that Mr. Briggs's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id*. at 27. Briggs objected to the court's failure to consider "both his remorse now as well as his acknowledgement of his substance abuse problem at this time when we are conducting a new sentencing hearing." *Id*. at 31. The court noted the objections and stated that it believed Briggs' remorse was "convenient remorse. I don't believe it's genuine remorse." *Id*. This timely appeal followed, and Briggs now argues that the trial court erred "by imposing maximum sentences upon the appellant where the record clearly and convincingly showed that such sentences were not justified and were contrary to law."

{¶ 3} Generally, appellate courts will not reverse a sentencing court's decision unless the evidence is clear and convincing that either the record does not support the sentence or the sentence is "otherwise contrary to law." *See, e.g., Briggs II* at ¶ 9-11, citing R.C. 2953.08(G)(2), and *State v. Robinson*, 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 7. Clear and convincing evidence is evidence that produces "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. And in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the

Supreme Court of Ohio placed a limiting construction on the statutory phrase "otherwise contrary to law" in R.C. 2953.08 and concluded that so long as the trial court engaged in the proper formal analysis, the actual conclusions that flow from that analysis are due more deference and are not subject to reevaluation by the appellate court. Specifically, the court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. *Jones* stands for the proposition that if a sentencing court examines how the factors set forth in R.C. 2929.11 and 2929.12 relate to the defendant and the case and the court's analysis bears some reasonable relation to the record and proceeds to make findings under R.C. 2929.14 that permit the imposition of maximum and/or consecutive sentences, unless those findings are clearly and convincingly not supported by the record, the sentence should be affirmed.

{¶ 4}    Here, while the trial court's analysis under R.C. 2929.12(B) is not particularly strong, the court observed that Briggs was on probation to her court on a different case at the time he committed these offenses, (Tr. at 19), that at least one of the victims suffered serious physical harm, *id.* at 15, that another victim suffered serious psychological harm, *id.*, that Briggs' actions were not less serious than the actions that normally constituted the offenses, *id.* at 16-19, and that Briggs' lengthy criminal history, substance abuse problems, and lack of genuine remorse made him more likely to commit offenses in the future. *Id.* at 19-24.

{¶ 5}    In sum, the trial court appropriately reviewed the statutory factors and made R.C. 2929.14 findings that were sufficient to impose maximum sentences. And upon a thorough review of the sentencing hearing judgment entry and transcript, we cannot say that the trial court's maximum sentences are clearly and convincingly unsupported in the record. Accordingly, Briggs' sole assignment of error lacks merit and is overruled. The judgments of the Franklin County Court Common Pleas are affirmed.

*Judgments affirmed.*

JAMISON and LELAND, JJ., concur.

————————————————